FILED
SUPERIOR COURT
OF GUAM

2022 MAR 10 AM 11:30

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

JOSHUA F. PETER, et al.,

Plaintiffs,

vs.

FRANCIS GILL, et al.,

Defendants.

Superior Court Case No. <u>CV0444-19</u>

**DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF THE MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT CURTIS VAN DELD FILED 9/14/20**

The Court here reviews whether to reconsider a prior decision denying Plaintiffs from pursuing discovery against Attorney and Defendant Curtis Van de veld. Having reviewed the briefs, the Court determines that Plaintiffs have presented sufficient evidence to justify reconsideration and an *in camera* inspection of requested materials for possible disclosure under the crime-fraud exception. Plaintiffs Motion for Reconsideration is therefore GRANTED in part.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In a prior Decision and Order, the Court denied Plaintiffs' request that it review *in camera* certain discovery documents sought from Van de veld, a Defendant and also Defendants' attorney in this case and related cases.[1] Dec. and Order (Sep. 14, 2020). In denying Plaintiffs' request, the Court first found that Plaintiffs failed to seek the information from alternative, non-privileged sources. Moreover, the Court found that Plaintiffs failed to establish that the crime-fraud exception applied to the privileged material it sought.

---

[1] The Court consolidated this case with CV0425-18, CV0426-18, and CV0736-18 for trial. Another related case involving these parties and counsel is CV0735-18, which has been partially resolved on appeal and, once a Mandate is issued, will endure further litigation.

**ORIGINAL**

Plaintiffs now move for reconsideration, claiming that the Court failed to review certain material facts and erred in its legal analysis. As part of its analysis here, the Court incorporates its procedural and factual discussions contained in the September 13, 2020 Decision and Order, the October 3, 2019 Decision and Order Re Defendants' Motion for Partial Summary Judgment issued in *Peter, et al. v. Gill, et al.*, CV0426-18, and the May 29, 2019 Decision and Order Re Order to Show Cause in CV0426-18.

## II.     LAW AND DISCUSSION

Under CVR 7.1(i), a court may reconsider a prior order on the grounds of:

> (1) a material difference in fact or law from that presented to the Court before
> such decision that in the exercise of reasonable diligence could not have been
> known to the party moving for reconsideration at the time of such decision, or
> (2) the emergence of new material facts or a change of law occurring after the
> time of such decision, or, (3) a manifest showing of a failure to consider
> material facts presented to the Court before such decision.

CVR 7.1(i). In short, reconsideration may be granted where the trial court "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10.

Plaintiffs contend that the Court failed to consider material facts presented before issuing its September 14, 2020 Decision and Order. Specifically, Plaintiffs argue that, in denying the June 11, 2020 *Ex Parte* Application for Leave to File Supplemental Memorandum, the Court declined to allow Plaintiffs to present material facts regarding the applicability of the crime-fraud exception. Moreover, Plaintiffs argue that the same material facts were before the Court in Plaintiffs' October 13, 2020 Memorandum of Points and Authorities in Support of their Motion to Compel Discovery Against Defendant Francis Gill ("MP&A Against Gill"). Plaintiffs assert that if the Court had fully considered these material facts, it would have found that evidence

ORIGINAL

exists to establish that the crime-fraud exception applies and reviewed the privileged communications *in camera*.

Notwithstanding the Court's June 18, 2020 Order Denying Plaintiffs' *Ex Parte* Application for Leave to File Supplemental Memorandum, the Court will review the facts cited by Plaintiffs to determine whether they warrant reconsideration of its September 14, 2020 Decision and Order.

Plaintiffs break down the material facts they allege that the Court failed to consider into three main parts. First, Plaintiffs argue the facts establish that Defendants were under certain obligations in performing their contractual duties--specifically, to perform and/or enforce the settlement agreement in good faith ("good faith obligation") and to assist the Homeowners in clearing the titles to the fourteen lots ("assistance obligation"). Pls.' Mem. P. & A. In Support of Mot. Reconsideration at 3-4 (Oct. 19, 2020).

Second, Plaintiffs point to misrepresentations that Defendants have made to the Court. Pls.' Mem. P. & A. In Support of Mot. Reconsideration at 1-4. Some of the new evidence relative to Defendant Stephanie Mendiola include a March 15, 2013 letter from Van de veld to Mendiola and an April 1, 2019 email from Mendiola to Van de veld. The March 15 letter advised Mendiola to sign the Grant Deed. Pls.' *Ex Parte* Appl. Leave to File Supp. Memo., Ex. AA at Mendiola POD 001-002 (June 12, 2020). Five years after the letter, the April 1 email attached a notarized Quitclaim Deed and Affidavit. Mendiola indicated she had given Van de veld the deed five years before: "As I have stated from day one to both you and to Wayson [Wong], I released whatever interest I had in these properties by providing the 2014 deed and affidavit to you". Pls.' Court Authorized Further Reply Memo., Ex. D at Mendiola POD 003 (June 7, 2020).



**ORIGINAL**

Third, Plaintiffs ask the Court to reconsider its position on equitable estoppel. Pls.' Court Authorized Further Reply Memo at 3. In CV0426-18, this Court has ruled that Plaintiffs may not procedurally assert an equitable estoppel claim and also that there were no issues of material fact to support such a claim even if procedurally appropriate.

## A. The Evidence and Allegations Regarding the Good Faith Obligation and Assistance Obligation Does Not Warrant Reconsideration.

Having considered the facts cited by Plaintiffs regarding the "assistance obligation" and the "good faith obligation," the Court is not persuaded that they affect the Court's prior decision. First, Plaintiffs offer no specific contractual language exhibiting that Defendants were under such contractual obligations; rather, Plaintiffs point to allegations made in various complaints. *See* Pls.' Mem. P. & A. In Support of Mot. Reconsideration at 3 (*citing* MP&A Against Gill 9-14). Second, even assuming these obligations exist, the Court finds they originated in connection with the Settlement Agreement. Consistent with its October 3, 2019 Decision and Order on summary judgment in CV0426-18, under the terms of the parties' Settlement Agreement, Plaintiffs had until a certain time to file a Notice of Material Breach of the settlement, which Plaintiffs failed to do. Thus, even if Defendants were contractually under the "assistance obligation" and the "good faith obligation," Plaintiffs waived the right to bring an action for Defendants failure to perform those obligations by not timely filing suit. Accordingly, the Court does not find that the facts put forth by Plaintiff were material to the Court's prior decision and, for that reason, reconsideration is not appropriate.

## B. Evidence of Misrepresentations to Plaintiffs and the Court Warrants Reconsideration.

Regarding misrepresentations that Defendants made during the course of litigation, Plaintiffs point to Mendiola's May 11, 2020 discovery responses. The Court finds that this evidence is material to the issue of whether Defendants committed fraud. Specifically, the

## ORIGINAL

evidence demonstrates that certain statements made by Defendants contradict positions they presented before the Court, which is relevant to whether the Defendants made misrepresentations to Plaintiffs and the Court.

Linking the newly discussed facts to Plaintiffs' discovery requests, the Court recites what specific information Plaintiffs seek. Plaintiffs' Requests for Production 1 through 7 ask for documents relative to Mendiola's interest or lack of interest in the fourteen lots at issue. Requests 8 and 9 concern the summary judgment motion filed in CV0426-18. Also, interrogatories 1 and 2 ask why documents responsive to the requests for production were either withheld or no longer in Van de veld's custody. Defendants argue that this material is protected under the attorney-client privilege.

The Court first sets out the three steps that Plaintiffs must demonstrate in seeking discovery protected under the attorney-client privilege. As discussed in the Court's first Decision and Order seeking to compel discovery from Van de veld, the Court noted that before it permits discovery directly from counsel, Plaintiffs must take three steps: (1) explore any alternative means to acquire the requested information; (2) seek non-privileged information or show why the privilege did not apply; and (3) establish that the discovery is crucial. Dec. and Order at 6 (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)).

**Prong 1: Exhaustion of Alternative Means.**

It was over two years ago when the Court first informed Plaintiffs that they must first exhaust efforts to seek information from sources other than through counsel. Sched. Order and Order Limiting Disc. and Consolidating Disc. with CV0426-18 (Dec. 13, 2019). The Court reinforced that directive in its September 14, 2020 Decision and Order, which it issued roughly six months after the pandemic began. Since then, however, Defendant Francis Gill has remained

ORIGINAL

in a remote part of the Philippines without an adequate means of communication. He also has not

been able to procure a vaccine to leave that country and return to Guam to assist his attorney in

his and Cyfred's defense of these cases. Now, two years after Gill became largely unreachable,

Plaintiffs have been hampered from pursuing their discovery directly from him, and this case has

stalled.

The Court now finds that the case, and in particular discovery from Van de veld as a

party, can no longer be on an indefinite pause until Gill returns. Furthermore, Gill has not given

the Court any recent update on his status despite an outstanding Court order. Order Vacating

Order Setting Deadlines for Disc. and Disc. Mots. Ag. Gill and the 3rd Rev. Sched. Order (Dec.

16, 2021) (Status Report on Gill's return to Guam was due on January 31, 2022). Accordingly,

the Court now lifts its requirement that Plaintiffs seek discovery from alternate sources.

**Prong 2:  Attorney-Client Privilege & Crime-Fraud Exception.**

While protecting the attorney-client privilege holds paramount importance in any

litigation, the crime-fraud exception permits a piercing of such protection when communications

purposefully advance the commission of a fraud or crime. *U.S. v. Zolin*, 491 U.S. 554, 563

(1989). Under the crime-fraud exception, a court may review privileged communications *in

camera* if the movant first shows a factual basis adequate to support a good faith belief by a

reasonable person that evidence exists to establish that the crime-fraud exception applies. *Id.* at

572. Only if that showing is first made can a court then utilize its discretion to review the

materials *in camera*. *Id.* A court can consider the volume of materials, the relative importance

of the materials to the case, and the likelihood that the materials will establish the application of

the crime-fraud exception. *Id.*; *see also In re Sealed Case*, 107 F.3d 46 (D.C. Cir. 1997).[2] Also,

---

[2] If the Court determines to review the materials *in camera*, it then employs a two-part test to review whether to

the conduct committed by the client need not be limited to being fraudulent or criminal; rather, it may encompass "other 'misconduct fundamentally inconsistent with the basic premises of the adversary system.'" *Tri-State Hosp. Supply Corp. v. U.S.*, 238 F.R.D. 102, 105 (D.D.C. 2006) (citing *In re Sealed Case*, 676 F.2d 793, 812 (D.C. Cir. 1982)). "The relevant question is: 'Did the client consult the lawyer or use the material for the purpose of committing a crime or fraud?'" *Tri-State Hosp. Supply Corp*, 238 F.R.D. at 105.

The issue before the Court is whether the facts cited by Plaintiffs support a good faith belief by a reasonable person that evidence exists to establish that the crime-fraud exception applies. In other words, the Court examines this evidence to determine: (1) whether the evidence supports a good faith belief by a reasonable person that Defendants were in the process of committing or intended to commit a crime or fraudulent act; and (2) whether Mendiola communicated with Van de veld with the intent to further the crime or fraud, or to cover it up. If the evidence supports such a finding, the Court may review the discovery sought by Plaintiffs *in camera* to determine whether the crime-fraud exception applies. *Zolin*, 491 U.S. at 572.

Based on the facts cited from Mendiola's May 11, 2020 discovery responses, the Court finds that Plaintiffs have made a showing to support a good faith belief that Mendiola and Van de veld were in the process of committing or intended to commit a fraud[3] and Mendiola communicated with Van de veld with the intent to further the fraud, or to cover it up.

First, there is evidence of misrepresentations before the Court. Specifically, in the January 22, 2019 Motion for Summary Judgment in CV0426-18, Defendants averred that

---

compel the production of the information. *In re Sealed Case*, 107 F.3d at 51. That two-part test looks at whether there is a prima facie showing of a violation, and second, whether there is a valid relationship between the information and the violation. *Id.*

[3] The elements of fraud are: (1) A misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Transpacific Export co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23.

## ORIGINAL

Mendiola held an interest in the fourteen lots. However, on April 1, 2019, Mendiola indicated that she did not have an interest. Furthermore, in the April 1, 2019 email from Mendiola to Van de veld, Mendiola stated that she had tendered and was tendering the deed again to Van de veld. This statement directly contrasts Van de veld's Declaration on April 12, 2019, that he did not possess the deed.

Second, considering that Van de veld represented Mendiola at the time of these statements, he should have known of her factual positions through his communications with her. Accordingly, since the statements from Mendiola indicate that the positions taken before the Court were misrepresentations, the Court finds that the evidence establishes a good faith belief that Van de veld knew, or should have known, of the false statements.

Third, Plaintiffs have furnished facts tending to show that Van de veld intended to defraud Plaintiffs and the Court in order to induce reliance by the Court in the course of its review of the motion for partial summary in CV0426-18. That Motion specifically noted that "Stephanie is entitled to summary judgment in her favor and moves the court for summary judgment that her interests in the affected lots are held without claim or interest by any of the Plaintiffs in this action." CV0426-18 (Def. Cyfred, Ltd. & Stephanie Mendiola Mot. Partial Summ. J. at 15 (Jan. 22, 2019)). Moreover, Van de veld's statements on the existence of the deed were also made to induce reliance by the Court on the issue of contempt--specifically, whether he was in contempt of Court for failing to provide the deed.

Fourth, in reliance on Mendiola's statements, the Court determined that "Mendiola is claiming an interest in real property adverse to Plaintiffs' interests, and Plaintiffs are entitled to seek quiet title against her." CV0426-18 (Dec. and Order re Defs.' Mot. Partial Summ. J. at 14 (Oct. 3, 2019)). Additionally, in reliance on Mendiola's statement that she had already given the

ORIGINAL

deed, the Court found that Van de veld violated the Court's prior discovery order requiring him to produce the deed.

Finally, Plaintiffs have asserted a loss of damages in having to litigate these issues in these two cases. In summary, the Court finds that the evidence supports a good faith belief by a reasonable person that Defendants were in the process of committing or intended to commit fraud.

As a final note, the Court does not find that information responsive to Plaintiffs' request number 10 is connected to these facts. Number 10 asks for documents about "What to do or fail to do to Wayson Wong and/or his clients for his and/or their failure to join with or assist Cyfred in CV0631-06 in 2014." The misrepresentations discussed in this section do not have an apparent connection with CV0631-06. The Court therefore continues to deny the motion to compel as to this specific request.

**Prong 3: Whether the Discovery is Crucial**

Lastly, the Court applies the third prong under the *Shelton* test, which asks whether the discovery is crucial. Jurisdictions that utilize *Shelton* rarely discuss what "crucial" means. Plainly defined, "crucial" means important or essential to an issue. *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/crucial (last visited Mar. 8, 2022).

Requests for production 1 through 9 and interrogatories 1 and 2 seek direct information on what Defendants knew and did not know relative to Mendiola's ownership of the lots, and the Defendants' positions on the summary judgment motion. This information sought is directly tied to Plaintiffs' claims alleging misrepresentations. Accordingly, Plaintiffs have shown that the discovery requests seek information crucial to their claims.

ORIGINAL

Having satisfied this test, the Court GRANTS the Motion for Reconsideration for the above-stated discovery requests and ORDERS Van de veld to produce any responsive documents for an *in camera* inspection within thirty days.

## C. The Court Denies Reconsideration of its Position on Equitable Estoppel.

Plaintiffs ask the Court to reconsider *sua sponte* its October 3, 2019 Decision and Order re Defendants' Motion for Summary Judgment rendered in CV0426-18. In particular, Plaintiffs claim that the Court erred in its equitable estoppel analysis when it determined that Plaintiffs could not assert that doctrine. Plaintiffs contend that if the Court reconsiders its equitable estoppel analysis, it will impact whether discovery can proceed against Van de veld concerning the title obligation.

In its equitable estoppel analysis, the Court relied on the four-part test in *Mobil Oil Guam, Inc. v. Young Ha Lee*:

> (1)    The party to be estopped must be apprised of the facts;
> (2)    He must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon;
> (3)    The party asserting the estoppel must be ignorant of the true state of the facts; and
> (4)    He must rely upon the conduct to his injury.

2004 Guam 9 ¶ 24.

Using this test, the Court determined that "there is no genuine issue of material fact as to the unreasonableness of Plaintiffs' reliance. Plaintiffs knew of the deadline to submit a Notice of Material Breach, as it was a contractual provision and Plaintiffs utilized such provision when submitting such Notice on other grounds. When the closing date and time approached and Mendiola had not yet appeared, Plaintiffs still had an opportunity to submit a Notice of Material Breach to preserve their rights. It was not reasonable on them to rely on Gill's promise that

ORIGINAL

Mendiola would sign deeds when Plaintiffs had contractual rights to preclude the closing due to a breach." CV0426-18 (Dec. and Order re Defs.' Mot. Summary J. at 10).

Plaintiffs claim that *Heckler v. Cmty. Health Servs. Of Crawford Cty., Inc.* proves that this Court's analysis is wrong. 467 U.S. 51 (1984). In *Heckler*, a healthcare provider sued the Secretary of Health and Human Services, claiming that it overpaid the provider for Medicare cost reimbursements. The court ultimately rejected the estoppel claim, but it first remarked that a party claiming estoppel must rely on the adversary's conduct "in such a manner as to change his position for the worse" and that reliance must have been reasonable. *Id.* At 59.

Plaintiffs claim that *Heckler* holds that "the alternative to relying on [Gill's] misrepresentations that the matter of [the] apparent titles to the 14 lots would be resolved is not the focus, the focus is whether the Homeowners knew or should have known that his misrepresentations were misleading." Pls.' Memo. P. & A. in Support of Mot. Compel Discovery Ag. Def. Francis Gill at 16-17 (Oct. 14, 2020). This Court disagrees that *Heckler* directs it to arrive at a certain outcome or abandon its analysis conducted under *Mobil Oil Guam, Inc. Mobil Oil Guam, Inc.* requires all four prongs of the estoppel test be met; it doesn't single out any single factor--such as whether a misrepresentation exists--over another prong such as reasonable reliance. The Court's analysis, which partially hinged on the undisputed evidence pointing to the unreasonableness of Plaintiffs' reliance, is unaffected by *Heckler*. For that reason, the Court rejects Plaintiffs' arguments in its Motion for Reconsideration that the estoppel analysis must first be reconsidered.

## III.    CONCLUSION AND ORDER

Having found that Plaintiffs have presented sufficient evidence to justify an *in camera* inspection of documents responsive to Plaintiffs' Requests for Production Nos. 1 and 2, and

ORIGINAL

Interrogatories 1 through 9, the Court GRANTS the Motion for Reconsideration. The Court therefore Orders Defendant Curtis Van de veld to produce within thirty days all documents responsive to the above-mentioned discovery requests to the Court for an *in camera* inspection and review for possible disclosure under the crime-fraud exception.

SO ORDERED this 10th day of March 2022.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

WONG, VAN DEVELD
S. mendiova
Date:_____ Time: 3/10/22

**Joseph Bamba, Jr.**

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Wayson W. S. Wong, Esq., Law Offices of Wayson Wong, P.C., for Plaintiffs Joshua F. Peter, et al.

Curtis C. Van de veld, Esq., The Van de veld Law Offices, P.C. for Defendants Francis Gill, et al.

Stephanie Mendiola, self-represented

ORIGINAL